IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEAN-MARC FAISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−0853−SMY |
| ) | |
| DEFENDANT WARD ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jean-Marc Faison, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests injunctive relief and punitive damages.

On July 27, 2016, the claim in this case was severed from a case Plaintiff originally filed on June 2, 2016 (Doc. 1). Since these claims were severed, Plaintiff has filed two motions. The first motion, filed on August 4, 2016, states that Plaintiff does not wish to sue Defendant Ward in a separate action and wants to voluntarily dismiss the action before any filing fees are assessed. (Doc. 6). Plaintiff also filed a Motion for Reconsideration, again stating that he did not intend to proceed in a separate case and asking the Court to dismiss the case prior to assessing an additional filing fee. (Doc. 7). That motion was filed August 11, 2016. The Court assessed a filing fee on August 3, 2016, prior to either motion being filed. (Doc. 5). Because it appears that Plaintiff's main purpose in moving to dismiss this action was to avoid the imposition of a filing fee and because the fee has already been imposed, the Court will **DENY** Plaintiff's Motion to

Dismiss and his Motion to Reconsider and proceed to threshold review. If Plaintiff wishes to voluntarily dismiss his case after threshold review, he may do so.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Plaintiff alleges that during a urine test for drugs, Defendant Ward asked him to show his penis. (Doc. 2, p. 5). Plaintiff requested a pat-down instead, but Defendant Ward insisted that he watch Plaintiff urinate. (Doc. 2, p. 5).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into one count. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 – Defendant Ward violated Plaintiff's rights under the Eighth Amendment when he forced Plaintiff to urinate in his presence while conducting a drug test.**

As an initial matter, the Order severing this claim from the others alluded to the fact that Plaintiff's claim fell under the Fourth Amendment. However, while the Seventh Circuit has recognized that the Fourth Amendment may provide some protection against unreasonable strip searches, the Eighth Amendment is "more properly posed to protect inmates from unconstitutional strip searches, notably when their aim is punishment, not legitimate institutional concerns." *Peckham v. Wisconsin Dept. of Corrections*, 141 F.3d 694, 697 (7th Cir. 1998). The Eighth Amendment has also been applied in cases challenging the manner in which urine samples are collected for drug screening, the same issue presented here. *See Whitman v. Nesic*, 368 F.3d 931 (7th Cir. 2004). Therefore, upon further consideration, the Court finds it prudent to proceed under an Eighth Amendment analysis.

"The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Meriwether v.*

*Faulkner,* 821 F.2d 408, 415 (7th Cir. 1987) (citing *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Caldwell v. Miller,* 790 F.2d 589, 600 (7th Cir.1986)). The inquiry contains both an objective and subjective component. The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotations omitted). If the conditions complained of pass this threshold, courts then must determine the prison official's subjective state of mind; that is, whether "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *see also Johnson v. Phelan,* 69 F.3d 144, 149 (7th Cir.1995).

A body search will violate the Eighth Amendment where it is unrelated to legitimate penological needs or is conducted in a harassing manner to inflict punishment. Even if a valid penological reason existed for the search, "the manner in which the searches were conducted must itself pass constitutional muster." *Mays v. Springborn*, 719 F.3d 631, 634, (7th Cir. 2013) (group of inmates were strip searched together, gratuitously exposing prisoners' nude bodies to each other, while guards uttered demeaning comments) (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)); *Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (a strip search conducted in a harassing manner intended to humiliate and inflict psychological pain could violate the Eighth Amendment); *see also Meriwether v. Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987); *see also May v. Trancoso*, 412 F. App'x 899, 902-04, 2011 WL 894502, *3 (7th Cir. 2011) (inmate stated 8th Amendment claim where he and a group of inmates were strip searched in the presence of

female staff and civilians, and were subjected to demeaning comments by guards conducting the search).

Here, Plaintiff has alleged that he was forced to show Defendant Ward his penis while he provided a urine sample. He has not alleged that Defendant Ward mocked him or made demeaning comments. He has not alleged that Defendant Ward touched him inappropriately. He has not alleged that he was forced to urinate in the presence of other inmates or that female guards were present. According to the Complaint, Defendant Ward did nothing more than observe Plaintiff while he provided a urine sample. The Seventh Circuit has found a urine test conducted under the same conditions constitutional. *Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004) (finding strip search of prisoner in conjunction with random drug-testing program where prisoner testified that he was completely naked for twenty minutes while he struggled to produce a sample did not constitute cruel and unusual punishment). Therefore, Plaintiff has not stated a claim upon which relief could be granted and his claim will be dismissed with prejudice.

### Pending Motions

As discussed more fully above, Plaintiff's motion to dismiss is **DENIED**. (Doc. 6). Plaintiff's Motion for Reconsideration is also **DENIED**. (Doc. 7).

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** fails to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE<br>
United States District Judge